Christopher Stender for the petitioner Balbir Singh. May it please the court. I believe the issue before this court is, first of all, whether or not this court has jurisdiction to consider the waiver that's before it. As the government has pointed out in its brief, this court does have jurisdiction over mixed questions of law and fact. The government cited Oropeso Wong v. Gonzalez, and I think based on, even though it is in dicta, it does strongly suggest that the court probably does have jurisdiction. Even assuming for the sake of argument that that is at issue, legally this case is distinct for two separate reasons on the jurisdictional point of view. First of all, the immigration judge failed to define the time period under which extreme hardship should be considered. And secondly, although the immigration judge stated that the hardship should be included to the petitioner and close family members under her statement of the law, she failed to conduct any analysis under that in her oral opinion. Kagan. So basically you're saying you have two legal issues, but your third issue, which seems to be a largely factual one, dealing with whether she looked at all the circumstances, and that one, it seems to me, does turn on whether we have jurisdiction over factual determinations under the extreme hardship waiver, no? Two of them do seem to be legal. The third one doesn't seem to me to be legal. As far as the family members that the hardship should be considered, you have a question that is posed something like, did he or she didn't properly look at all the circumstances or something to that effect. Correct. In her oral decision, she states that on her summary of the law, the family members that the hardship should be considered, she states that this Court will determine it applies to the, she says, Respondent before the Court, the petitioner and close family members. However, when she conducts what she calls her analysis and findings, if you go through the record, the I.J. only analyzes the hardship to the petitioner. The I.J. has to do simply more than just define the law. She also has to apply it correctly. That is, she has to conduct the hardship analysis to the close family members that she's not due. Kagan. But that seems to me to be getting pretty close. I'm not saying that I'm don't think it's reviewable, but I'm saying we would have to decide to reach that question that the issues, the eligibility under the extreme hardship is reviewable and can't back out on this legal question, exception, as I understand it. I see it. Again, I think there is some court precedent. But aside from that, even assuming that this is not an issue, the issue is that the extreme hardship is directly line of view. It's really not that, because the judge incorrectly defined the hardship period. When it went up to the Board, the Board said that the hardship period is not an issue. Kagan. Well, I don't understand how your client was harmed by that. You seem to be saying that they made it broader than it should be, and that was good for you. So what's the problem? No. That's really this kind of got muddled by the Board of Immigration Appeals, and also the oil brief kind of states that. The Board goes out on a limb, I think, and says, well, really, there's no prejudice to the Petitioner, the Respondent-Petitioner here, because the immigration judge defined a broader period. That's not what the immigration judge said. The immigration judge said, I don't need to define the period at all. So really, we're not going to define it, because she was assuming as broad as it could possibly be, and she was still saying you lose anyway. Well, it's arguable whether she was saying that or not, but she says, I'm not going to define the period, because I don't have to. It's not clear to me. That's what that means, though. What had been argued before the Court is that the Petitioner is still a conditional permanent resident, not only through the period that the case is pending before the immigration judge, but up through until there's a final administrative order, which would include the Board of Immigration Appeals. But you are basically accepting, in terms of the conversation in the earlier case, the notion that the statute does say that the – there is a cutoff on the hardship at some point. The statute gives a beginning and an end point. Well, you're at least – you're agreeing to that. You're – that's common ground in this case. So if we didn't agree with it, this isn't the case to worry about. I would agree with that, but I would say that that period doesn't end upon the decision of the agency, the USCIS. It ends upon the – after the review from the Board of Immigration Appeals when the order is administratively final, which is much further down the road. I think the government – the DHS attorney at the trial level argued that it terminated upon the agency decision. Petitioner is arguing that it goes on all the way until the Board of Immigration Appeals makes its decision. The regulation, as you pointed out previously, only has a beginning point. There is a Board – How can that be? How can – is the Board reviewing an immigration judge? Yes. But the Board is not actually reviewing the termination. They're only reviewing the absence of a waiver, right? Well, you know, if you dig down into what happens here, the agency decision, they deny the waiver based on a finding of marriage fraud. In the decision on the 751, there are actually two waiver applications. There's a joint petition which is submitted and then purportedly withdrawn when the wife and husband show up for their interview. There's a second waiver that's filed for hardship, which is denied – both waivers are supposedly denied in the same decision for marriage fraud. Well, the first one's not a waiver. The first one is a petition, which is never actually adjudicated and the status is terminated subject to a waiver. Well, they actually – in the decision that they make, and it's in the administrative record on page 398, they mention both waiver petitions. So purportedly, the joint waiver and the hardship petition are both denied concurrently, which is a strange situation, but that's apparently what the agency did. And it's referred over to the immigration judge. There's a factual allegation of marriage fraud, which ultimately is withdrawn by the DHS attorney at trial because the videotape is lost and can never be produced before the court for review. The allegation that's put in on the Form I-261 withdraws the marriage fraud allegation and just says that the petition was withdrawn. What goes up before the immigration judge – and in our case, there are two immigration judges also – the second judge decides the case just on the extreme hardship issue. Presumably, the statute requires a good-faith marriage, but presumably, she found a good-faith marriage since it was a withdrawal of the marriage fraud. It's never stated by any party, but the presumption is since the judge adjudicated just the extreme hardship issue, she got to the merit – presumably, she found a good-faith marriage and just got to the merits of whether or not there was extreme hardship. What the judge failed to do in this case is, again, to define the period, but I think more importantly to – she states the law correctly, but then she fails to apply it to the close family members. The Board compounds the error. I have a question. Is there any determination in this case of whether there would have been extreme hardship had they reached the merits of it? I'm sorry? Had they reached the merits of it. Yes, there is. Yes. Yes. The immigration judge does make a determination. She says repeatedly, to respondent himself. She says to respondent himself, period. Because he wasn't married during the relevant period. It really has nothing to do with the marriage or not. It's just there's other family members. There's brothers, sisters, nieces, brother-in-laws, and there was a lot of testimony regarding that. The immigration judge listens to this testimony, says, I will find that it goes to the respondent Petitioner and to his close family members, but then only analyzes the case under hardship to the respondent, and really never – only mentions family members as far as hardship to the – So explain to me why this timing matter – matters. The timing? Yes. As far as when does the period end as far as hardship? Well, because it would extend the period dramatically, obviously. If the judge – if the judge said – I know that, but was there any finding on this record about whether that would have mattered in this instance, to have extended the period? It's not – I would agree that it's not clearly defined. There's not a point where the attorney says, well, we can't bring in this additional evidence if you're going to cut it off here. But that's kind of something that the immigration judge had the power to say. That's our – one main point of our argument. We're unsure when the judge cut off consideration of hardship because she never defines the period under which she will analyze the hardship. Therefore, it's difficult for a reviewing court, the Board of Immigration Appeals, to make a decision as to the hardship when the judge declines to define the period under which hardship will be measured.  And to address the earlier point that you made, too, the Board erroneously says, yeah, the judge considered a wider period of time for hardship. The judge never really says that. She says she might – she refuses to define the period and then conducts an analysis to the Respondent's Petitioner. But she analyzes all the evidence before her, doesn't she? But restricts it to the Petitioner. And even though, again, in her statement of the law, she says, yes, I will include the close family members, she doesn't conduct any meaningful analysis at all. For those reasons, I think it's incumbent that this case be remanded to the immigration court once again so the immigration judge can conduct a proper analysis to define the period under which it should be considered and also to analyze hardship to the close family members. Thank you. Thank you. Your time has expired. May it please the Court. Eric Marsteller for the Attorney General. Picking up where my colleague discussed your question, Judge Berzon, about the – if there is a precedential decision about the discrepancies between the regulation and the statute about the time period to consider, the Board has issued such a decision. It is a matter of Yad Vendor Singh. It is 24 INN 331. It was issued in 2007. And the Second Circuit has the – I'm sorry. Would you say that again? Sure. I'm sorry. It's – the site is 24 INN decision 331. That wasn't really my question exactly, but it might – that opinion may solve my question. My question wasn't really about the discrepancy, but about whether there had a precedential decision in general about the meaning of this provision. Yes. And in that decision, the Board interprets both the statute and the regulation. Could you address the – let me tell you what I think the jurisdictional layout is here, and then I have a question. I – my understanding is that despite your brief, that there are at least two of the questions raised here are legal questions and don't come within the discretionary rubric at all. But there does seem to be a third question, which is some general – she didn't look at the facts right. And I would like you to tell me why – I gather it's your position, although it's not terribly much laid out in your brief, that that is – that the extreme hardship merits for eligibility, not the question of the ultimate discretionary waiver, is not reviewable, and I'd like to know why. We believe it is not reviewable because this Court has repeatedly found that hardship determinations generally are not reviewable. Well, and it really hasn't. It's – my understanding is there are two cases. There are – it's been in the cancellation context, and it's been based on the particular language of those particular statutes, not on the general discretionary waiver provision. It has – the history is most evident in the cancellation context, also going back to the suspension of deportation context, which preceded the cancellation of removal. In Hernandez, though, which was a case dealing with extreme cruelty, whether the Court had jurisdiction over an extreme cruelty finding, the Court found that it did have jurisdiction over the extreme cruelty finding because that was a factual determination. But then it discussed Romero-Torres, where the Court held no jurisdiction over the hardship finding in cancellation cases, and said that it – that an extreme cruelty finding was different from an extreme hardship finding because it is the basic nature and purpose of hardship unmodified, which is discretionary. So we think Hernandez stands for the proposition that hardship, regardless of extreme or odd, is – is a discretionary determination. Well, the question of hardship to whom can be a legal question. We think that's wrapped up in the – in the hardship determination here, because this – Well, that can't be right. Why is that, Your Honor? Your position is that the question of hardship to whom is not a legal question? Well, it is. I suppose it is, but – but there's no answer in the law. Well, there's no answer in the law for lots of things. There's no answer in the law for what a refugee is or what persecution is or lots of other things. That's what the agency is here to – to construe it. Yes, Your Honor. And I – what I – it's helpful to look at the cancellation statute, which the question there is whether an alien show is exceptional, extreme, or unusual. The cancellation decision in Ramirez-Torres turns on a different statute, not a general discretion statute, which is construed in – you're relying on the same provision that was applied in Spencer Enterprises, right? The general discretion provision, not anything specific to this. That's correct. But in Ramirez-Torres, they were reviewing a provision that said no court shall have jurisdiction to review any judgment regarding the granting of relief for cancellation of removal. And the question was what was a judgment, and it was a completely different analysis, right? I don't think it's a completely – it's a – it's coming from a different subsection of 242a2b. But 242a2b2 – But we have to go – we have to use the Spencer Enterprises construction here. Right. And so where in this statute is this issue? Not – I understand that there is a separate discretionary decision. But where in this statute is the eligibility question committed to the agency's discretion, specifically committed to the agency's discretion? We think that by the nature of the hardship finding that it is. But that's not the Spencer Enterprises test, is it? I'm not sure, Your Honor. It has to be specifically committed to the agency's discretion by statute. Is this? We think it is sufficiently specific because a hardship determination is discretionary. I don't even understand that. But – but – but because there obviously are – you do apply standards. You have certain standards. You say that's – that ordinary economic issues are not – don't count, and certain illnesses do count, and you are developing by law, as you should be, a set of rules. And in fact, the agency, BIA, reviews IJ decisions applying standards, not as if there are no standards. So why – how is this specifically committed to agency discretion? In the statute, I don't see it. Well, we believe that – I hope I'm not frustrating you, Your Honor. But hardship is, we believe, a subjective question. But you don't have any evidence in the statute other than that. In other words, you're relying simply on the nature of the determination, nothing else. That's correct, Your Honor. Addressing a couple of points in the possibly legal – the legal questions that Petitioner has raised, he says that the immigration judge erred in limiting the analysis to the Petitioner himself. The Board – to the extent that the immigration judge did make any error, the Board corrected it because the Board found no hardship to the Petitioner or to his family members. In any event, as I said before, we believe that that is wrapped up in the agency's discretion who the hardship is relevantly applied to. As for when the relevant period should end, the Board, we believe, properly found that it ended in 1998, and that's based on its decision in matter of Singh, which says that the termination ends the period that you can consider the – Does that matter at all here? Didn't the I.J. just say any – take any period? We don't think it matters, but to the extent Petitioner raises it, that's our response. With respect to the argument that the family – hardship to the family wasn't considered? Well, we believe that, first off, that the Board did consider it. So if the immigration judge didn't, the Board did, and that's the decision that this Court is reviewing. The Board specifically referred to the family members. And secondly, the statute is completely silent as to who the hardship must affect or what – who should feel the hardship. And so we feel that, therefore, it's wrapped up in the agency's finding. I understand that. So despite the fact that the Court in Oropoza-Wang – Oropoza-Wong, I'm sorry, suggested in dicta that 216c4a findings may come within this Court's jurisdiction, we disagree because we think the hardship finding is discretionary. And if this Court has any further questions. Thank you, Your Honors. Are there any further questions of the – all right. The matter just argued is submitted for decision.
judges: Strom, Schroeder, Berzon